Edward J. Wynne      (SBN 165819)
ewynne@wynnelawfirm.com
J.E.B. Pickett       (SBN 154294)
jebpickett@wynnelawfirm.com
WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Tel. 415-461-6400
Fax. 415-461-3900

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN PAPARELLA, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, NATIONAL ASSOCIATION and DOES 1 though 50, inclusive,<br><br>Defendant. | Case No. CV-10-00841-AG –MLG<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>**[28 U.S.C. § 1447]**<br><br>Date: August 30, 2010<br>Time: 10:00 a.m.<br>District Judge: Hon. Andrew J. Guilford<br>Room: 10D |

  Plaintiff objects to Defendant JP Morgan Chase Bank N.A.'s ("Chase") Request for Judicial Notice.

  A court may not take judicial notice of a fact that is "subject to a reasonable dispute." Fed.R.Evid. 201(b). Here, this Court can take judicial notice of the *fact* of the opinion *Johnson v. U.S. Vision, Inc. et al.*, 2010 WL 3154847 (S.D. Cal. 2010). This Court can take judicial notice of the *fact* that plaintiff's motion for remand in *Johnson* was denied. This Court may also take judicial notice of the *fact* that the court in *Johnson* applied the legal certainty standard.[1] However, this Court cannot take judicial notice of Chase's *interpretation* of the opinion. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ["when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'"]

  Here, Chase seeks judicial notice of a "fact" that is clearly in dispute. Plaintiff contests that *Johnson* stands for the proposition that legal certainty standard can be satisfied with "averages," "assumptions," or "suggestions."

  First of all, the opinion simply does not state that "averages," "assumptions" or "suggestions" satisfy the legal certainty standard. That language – or anything remotely similar – does not appear in the opinion as Defendant improperly argues. Indeed, Chase's argument that mere "suggestions" satisfy the legal certainty standard highlights why its Request for Judicial Notice should be denied and Plaintiff's Motion to Remand should be granted. The court in *Johnson* never stated that "suggestions" satisfy the legal certainty standard. The court did state, "Plaintiff generally refers to Defendants' employees as a

---

1 Defendant's reliance on *Johnson* appears to signal Defendant's abandonment of its argument that this Court should rely on the preponderance of the evidence standard.

whole, without using language to *suggest* that any less than all employees were injured for each cause of action." *Id.* at *3 (emph. added.) The court's use of the term "suggest" was actually a comment on the lack of support for plaintiff's argument in *Johnson*. This is a far cry from the proposition that mere "suggestions" satisfy the legal certainty standard as Chase apparently contends.

Moreover, the court in *Johnson* found that defendant satisfied the legal certainty standard with "detailed and competent evidence." *Johnson* at *4. The evidence Chase submitted here is neither detailed nor competent. Similarly, the defendant in *Johnson* set forth the "specific number" of class members and "accurately" calculated the amount in controversy. *Id.* Here, Chase has not only failed to put forth the specific number of class members but has included employees not even covered by this case. Likewise, Chase has also miscalculated the amount in controversy by confusing how overtime is calculated under California law.

Additionally, the plaintiff in *Johnson* was very likely to exceed the jurisdictional minimum, despite a disclaimer to the contrary, because plaintiff had pled fully seven different causes of action – each seeking a measure of monetary recovery. *Johnson* at *1, *3. Here, Plaintiff has just three causes of action that seek monetary recovery.[2]

Consequently, Defendant's Request for Judicial Notice should be denied because it requests judicial notice of "facts" that are in dispute.

Dated: August 23, 2010                    WYNNE LAW FIRM

                                          /s/
                                          ─────────────
                                          Edward J. Wynne
                                          Attorneys for Plaintiff

---

[2] Plaintiff's First Cause of Action under Labor Code § 1194 and Second Cause of Action under B&P § 17200 both seek overtime compensation.